**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-02898-REB

ASRES FIKRE TOLOSSA,

      Applicant,

v.

JOHN LONGSHORE, Field Director, Immigration and Customs Enforcement, Denver District;
JANET NAPOLITANO, Secretary of the Department of Homeland Security;
JOHN MORTON, Director for Immigration and Customs Enforcement; and
ERIC HOLDER, Attorney General, United States of America,

      Respondents.

## ORDER DISMISSING PETITION FOR HABEAS CORPUS

**Blackburn, J.**

The matter is before me on the **Petition For Writ Of Habeas Corpus** [#1][1] filed November 29, 2010. The Court has determined it can resolve the Petition without a hearing.[2]

Applicant entered the United States as a lawful permanent resident on August 10, 1999.[3] On September 23, 2009, he pleaded guilty to possession with intent to

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).

[2] Blackledge v. Allison, 31 U.S. 63, 83 (1977); see also Jeter v. Keohane, 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

[3] Doc. No. 1, at ¶ 12.

distribute ecstasy in the District Court, Arapahoe Country, Colorado.[4]  On June 15, 2010, an Immigration Judge held that this conviction constituted an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(B) and issued an order of removal.[5]  The Board of Immigration Appeals dismissed Applicant's appeal of this decision on October 25, 2010.[6]

On November 29, 2010, Applicant filed a habeas petition in this Court requesting a stay of his order of removal until he can complete his post-conviction relief proceedings.  On November 30, 2010, this Court stayed the removal order and issued an Order To Show Cause to the Respondents.[7]  Respondents filed a Motion To Dismiss on December 16, 2010.[8]  Applicant filed a response on January 27, 2011,[9] and Respondents filed a reply on February 1, 2011.[10]

In their motion to dismiss, Respondents argue that this Court lacks subject matter jurisdiction to hear this case.  Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an

---

[4]Id.

[5]Id.

[6]Id. at ¶ 13.

[7]Doc. No. 2.

[8]Doc. No. 7.

[9]Doc. No. 13.

[10]Doc. No. 14.

immediate end.[11]  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."[12]

To the extent that the Applicant is contesting the validity of the final removal order, such review is vested in the court of appeals.[13]  Therefore, this Court lacks subject matter jurisdiction to review the validity of the removal order.

To the extent that the Applicant is contesting the execution of the final removal order, this Court similarly lacks jurisdiction to hear this claim.  Applicant here filed his habeas petition pursuant to 28 U.S.C. § 2241.[14]  However, pursuant to 8 U.S.C. § 1252(g):

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), *including Section 2241 of Title 28*, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.[15]

§ 2241 relief for aliens awaiting removal is allowed only in cases where the challenge of detention does not implicate review of the Attorney General's exercise of

---

[11]*In re* Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).

[12]Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004).

[13]8 U.S.C. § 1251(a)(5).

[14]Doc. No. 1, at ¶¶ 2-3.

[15]8 U.S.C. § 1252(g) (emphasis added).

3

discretion to execute removal orders.[16]  This is not the case here.  Instead, Applicant's request to postpone execution of his removal order is "connected directly and immediately with" a decision or action by the Attorney General to execute a removal order.[17]  This kind of review is explicitly prohibited in *any* Court pursuant to statute, and there is no exemption, statutory or otherwise, for allowing such review to occur while an alien is pursuing post-conviction relief.[18]

In conclusion, this Court lacks jurisdiction to hear this matter.  Accordingly, it is

ORDERED that the Respondents' Motion To Dismiss Petition For Writ Of Habeas Corpus [#7] filed December 16, 2010, is granted.  It is

FURTHER ORDERED that the Petition For A Writ Of Habeas Corpus [#1] filed November 29, 2010, is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Dated July 12, 2011, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[16] *See* Demore v. Kim, 538 U.S. 510, 516-17 (2003) (challenge to detention without bail); Zadvydas v. Davis, 533 U.S. 678, 687 (2001) (challenge to extent of Attorney General's authority).

[17] Tsering v. U.S. Immigration and Customs Enforcement, 403 Fed. Appx. 339, 343 (10th Cir. 2010) (*citing* Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 943 (5th Cir. 1999))

[18] United States v. Adame-Orozco, 607 F.3d 647, 653 (10th Cir. 2010) ("while an alien may have the right to pursue appellate or collateral relief for an aggravated felony conviction under various provisions of state and federal law, the government need not wait until all these avenues are exhausted before deporting him.").